IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:25-CR-00258-PTG-2 |
| | ) | |
| TAE Y. JANG, *ET AL.* | ) | |

## **MOTION TO CONTINUE JURY TRIAL AND ALL ASSOCIATED DEADLINES**

NOW COMES Defendant, Ms. KAREN J. DEMATTEO ("Ms. DeMatteo" or "Defendant"), through counsel, pursuant to 18 U.S.C. § 3161(h), respectfully moves this Court to continue the jury trial that is currently set for January 13, 2026, and all associated deadlines, for a period of not less than forty-five days to allow counsel adequate time to exercise due diligence in reviewing discovery materials and preparing for trial. In support thereof, Ms. DeMatteo states as follows:

**I.**     **Relevant Procedural History**

On September 10, 2025, a federal grand jury in this district returned an indictment charging Ms. DeMatteo with one count of conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349 (Count One), two counts of Bank Fraud in violation of 18 U.S.C. §§ 1344(2) and 2. (Counts Two and Six), and one count of conspiracy to commit unlawful monetary transactions in violation of 18 U.S.C. § 1956(h) (Count Seven). (Indictment, ECF No. 1.)

On October 30, 2025, this Court set a jury trial date for January 13, 2026. (Min. Entry, ECF No. 20.)

Ms. DeMatteo retained Murdoch Walker, II and Samuel Joseph of Lowther Walker, LLC as lead counsel and Terry Frank of Terry Frank Law as local counsel. On December 9, 2025, Ms.

1

Frank noted her appearance (ECF No. 24), filed a Motion to Substitute Counsel (ECF No. 25) and Motion to Appear *Pro Hac Vice* for Messrs. Walker and Joseph (ECF Nos. 26 and 27).

## II.     Factual Assertions

Mr. Joseph and Mr. Walker have only recently been retained to represent Ms. DeMatteo. As a result, counsel has not had sufficient time to review discovery materials, confer with the government, conduct a factual investigation, or adequately prepare for trial. Counsel anticipates that an additional forty-five days will be necessary to exercise due diligence and to effectively prepare either for trial or for meaningful negotiations toward a potential pretrial resolution.

## III.    Memorandum of Law

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq*., excludes from the time in which a trial must commence:

> . . . [a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the defendant . . ., if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. . . .The factors, among others, which [this Court] shall consider in determining whether to grant a continuance [include] . . . [w]hether the failure to grant . . . a continuance . . . would deny counsel for the defendant or . . . the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(7)(A); (B)(iv). Ms. DeMatteo submits that the ends of justice served by a forty-five-day continuance will outweigh her and the public's interest in a speedy trial, and that all parties have exercised due diligence in their preparations thus far. *Id.*

Given the fact that the attorneys of Lowther Walker were only recently retained and the Court has not yet ruled on the Motion to Substitute Counsel or the two *Pro Hace Vice* Motions, additional time is necessary for to meaningfully prepare for trial and conduct a thorough and

diligent review of the discovery materials with Ms. DeMatteo. This forty-five-day continuance would afford all parties the time necessary to prepare for a pretrial resolution or a jury trial.

**IV.     Opposing Party's Position**

The Government <u>does not</u> oppose a continuance.

Counsel for Co-defendant Jang has indicated he takes no position on this Motion as his client has informed him of an intention to retain new counsel.

**V.     Conclusion**

Karen J. DeMatteo, based on the foregoing factual assertions and argument, prays that this Court continue the jury trial and all associated deadlines for a period of not less than forty-five days.

Date:     December 11, 2025          Respectfully submitted,

<u>*/s/ Terry C. Frank*</u>
Terry C. Frank, Esq. (VSB No. 74890)
TERRY FRANK LAW
6722 Patterson Avenue, Ste. B
Richmond, Virginia 23226
P: (804) 899-8089
F: (804) 899-8229
terry@terryfranklaw.com

<u>*s/ Samuel Lenard Joseph*</u>
Samuel Lenard Joseph, Esq.
Ga. Bar # 718641
sjoseph@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St. NW, Ste. 3650
Atlanta, GA 30303
O 404.496.4052 | F 866.819.7859
www.lowtherwalker.com
*Pro Hac Vice Application Pending*

*Attorneys for Defendant*
*Karen J. DeMatteo*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2025, I electronically filed the foregoing MOTION TO CONTINUE JURY TRIAL AND ALL ASSOCIATED DEADLINES with the Clerk of the United States District Court for the Eastern District of Virginia by way of the CM/ECF system, which automatically will generate a notice of electronic filing and serve this document on the following:

        Ann Mason Rigby
        Office of the Federal Public Defender (Alexandria)
        1650 King St.
        Suite 500
        Alexandria, VA 22314
        703-600-0800
        Fax: 703-600-0880
        Email: ann_rigby@fd.org
        *Counsel for Defendant*

        Kathleen Robeson
        DOJ-USAO
        United States Attorney's Office
        Eastern District of Virginia
        2100 Jamieson Avenue
        Alexandria, VA 22314
        703-299-3700
        Email: kathleen.robeson@usdoj.gov

        ***/s/ Terry C. Frank***
        Terry C. Frank, Esq. (VSB No. 74890)
        TERRY FRANK LAW
        6722 Patterson Avenue, Ste. B
        Richmond, Virginia 23226
        P: (804) 899-8089
        F: (804) 899-8229
        terry@terryfranklaw.com